**O**
**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JASON CABOT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STEPHANE COMBET-BLANC;<br>PAULA ABRAHIMI,<br><br>　　　　　Defendants.<br>_____ | Case No. CV 10-05728-ODW (AJWx)<br><br>Order **GRANTING** Defendant's Motion to Dismiss [60] [Filed 12/21/11] |

## I. INTRODUCTION

Pending before the Court is Defendants' Stephane Combet-Blanc and Paula Abrahimi's ("Defendants") December 21, 2011 Motion to Dismiss. (Dkt. No. 60.) Plaintiff Jason Cobot ("Plaintiff") filed his Opposition on January 3, 2012, (Dkt. No. 67). After careful consideration of the papers filed in support of and in opposition to the instant Motion, Defendants' Motion is **GRANTED**.

## II. BACKGROUND

In October 2007, Plaintiff subleased an apartment at 1330 S. Barrington Ave #3, Los Angeles, CA 90025 from Defendant Combet-Blanc. (SAC ¶ 9.) In the first few weeks of the rental period, relations between Plaintiff and Defendants quickly

soured.  (SAC ¶ 13.)  Within a week or two of the rental period, Plaintiff tried to move out by requesting a refund of his security deposit, but Defendant Combet-Blanc refused.  (SAC ¶¶ 15-16.)  At some point in October, Defendants allegedly vandalized Plaintiff's property, assaulted Plaintiff, and falsely imprisoned Plaintiff.  (SAC ¶ 29.)

On October 24, 2007, Plaintiff filed a complaint in Small Claims division of the Los Angeles Superior Court for return of his security deposit.  Judgment was entered in favor of Plaintiff for the return of his security deposit.  (SAC ¶ 19.)  Defendant Combet-Blanc filed an appeal, which again resulted in favor of the Plaintiff on May 5, 2008.  Plaintiff now brings forth his suit of numerous claims which was filed on August 9, 2010.

## III.  LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)."  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do."  *Id.*  Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief."  *Id.* (internal citation and quotation marks omitted).

When considering a 12(b)(6) motion, a court is generally limited to considering material within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]."  *See Lee v. City*

*of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001); *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

### A. SUBJECT MATTER JURISDICTION

For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332, there must complete diversity between the parties and the amount in controversy must exceed $75,000. 15 U.S.C. § 1332; *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004). The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction. *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011).

#### 1. DIVERSITY OF PARTIES

The diversity requirement of 28 U.S.C. § 1332 can be met if opposing parties are citizens of different states or one party is a citizen of a state and the other party is a subject of a foreign state. 28 U.S.C. § 1332. A person is a citizen of a state for purposes of diversity jurisdiction if the person is a citizen of the United States and the state is his or her domicile, where the person has the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). At the pleading stage the Court must accept the facts and allegations of the SAC as true. *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1006 (9th Cir. 2011). Here, Plaintiff alleges that Combet-Blanc is a French citizen, or in the alternative a California Citizen. (SAC ¶ 4.) Plaintiff also alleges that Abrahimi is a California citizen. (SAC ¶ 5.) Plaintiff is a citizen of Massachusetts. (SAC ¶ 3.) Since the Court takes these allegations as true, the diversity requirement of § 1332 is met because the Plaintiff is not a citizen of the same state as any of the Defendants.

#### 2. AMOUNT IN CONTROVERSY

The amount in controversy is determined from the face of the complaint and must exceed $75,000. 28 U.S.C. § 1332; *Pappas v. Starwood Hotels & Resorts Worldwide, Inc.*, No. CIV-S-05-717, 2005 WL 3500691, at * 4, (E.D. Cal. Dec. 19, 2005). "The

amount in the complaint controls so long as it is made in good faith." *Pappas*, at *4. To justify dismissal, it must appear "to a legal certainty that the claim is really for less than the jurisdictional amount." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). This means that a "federal court has subject matter jurisdiction unless 'on the face of the complaint, it is obvious that the suit cannot involve the necessary amount.'" *Id*.

On the face of the complaint Plaintiff pleads more than the required amount of $75,000. (SAC at 13.) While it is unlikely that Plaintiff, if successful, would be awarded damages that exceed the minimum jurisdictional limit, it does not appear to a "legal certainty" that recoverable damages cannot exceed $75,000. Although emotional and punitive damages may be difficult to prove, and may fall out on summary judgment, the allegations of damages exceeding $75,000 suffice to establish the jurisdictional amount at this juncture.

Therefore, the Court finds that the diversity and amount in controversy requirements have been met by the Plaintiff.

### B. EQUITABLE TOLLING

Equitable tolling is a judicially created doctrine that is "designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations - timely notice to the defendant of the plaintiff's claims - has been satisfied." *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal.4th 88, 99 (Cal. 2008). When equitable tolling is applied, the statute of limitations "stops running during the tolling event, and begins to run again only when the tolling event has concluded," extending the deadline for filing the new action for the length of time of the tolling event, which is tacked on to the statute of limitations. *Lantzy v. Centex Homes*, 31 Cal.4th 363, 370 (Cal. 2003).

Plaintiff alleges in the SAC that on October 24, 2007 he filed a complaint in small claims court for the return of his security deposit. (SAC ¶ 19.) Judgment was entered in favor of Plaintiff and subsequently on May 5, 2008 Defendant Combet-Blanc's appeal was denied, effectively ending that small claims case. (SAC ¶ 19.)

Plaintiff does not allege any further unlawful conduct or proceeding that took place after May 5, 2008 between himself or either of the Defendants. None of Plaintiff's claims have a statute of limitations longer than two years, thus if the Court equitably tolls Plaintiff's claims, the statute of limitations would commence on May 5, 2008 and end on May 5, 2010.[1] Because Plaintiff's Complaint was not filed until August 9, 2010, the date of filing would be outside the two year statute of limitations even if the Court allowed for equitable tolling.

Therefore, Plaintiff's SAC is **DISMISSED WITH PREJUDICE** because Plaintiff failed to plead within the statute of limitations.

## V. CONCLUSION

For the forgoing reason, Defendant's Motion to Dismiss all claims is **GRANTED** and Plaintiff's SAC is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

January 11, 2012

                                                        _____
                                                        HON. OTIS D. WRIGHT, II
                                                        UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's assault and battery claims have a two year statute of limitations (SOL). Cal. Code of Civ. Pro. §335.1; False imprisonment has a one year SOL. §340; Malicious prosecution and abuse of process has a two year SOL. §335.1; Defamation has a one year SOL. § 340; Intentional infliction of emotional distress has a two year SOL. §335.1; Invasion of privacy has a two year SOL. §335.1

5