**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JASON CABOT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEPHANE COMBET-BLANC; ) <br> PAULA ABRAHIMI, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. CV 10-05728 ODW (AJWx) <br><br> **Order DENYING Plaintiff's Motion to Alter Judgment [74]** |

Pending before the Court is Plaintiff's Motion to Alter Judgment under Fed. R. Civ. P. 59(e). The Court dismissed Plaintiff's second amended complaint with prejudice on January 12, 2012. Plaintiff asks this court to set aside judgment and to allow Plaintiff limited discovery to determine whether Defendants have traveled out of state during the relevant tolling period—so that Plaintiff can determine whether his claims may be considered timely under the doctrine of equitable tolling.

Relief under Fed. R. Civ. P. 59(e) is an extraordinary remedy, and should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

The Court finds it is highly unlikely that Plaintiff would be able to account for two or three months of time through equitable tolling, i.e., the time between May 5, 2010 and August 9, 2010.[1] Instead, this is a last ditch effort by the Plaintiff in a case of too little, too late. Accordingly, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

February 9, 2012

_____

HON. OTIS D. WRIGHT, II

UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff asserts that the underlying action was not dismissed until June 2008, resulting in a two years statute of limitations that ends in June 2010; and that the Court received the complaint in this case on July 26, 2010.

2