**O**

CC: Ninth Circuit

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JASON CABOT,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHANE COMBET-BLANC;<br>PAULA ABRAHIMI,<br><br>    Defendants.<br>_____ | Case No. CV 10-05728 ODW (AJWx)<br><br>ORDER REVOKING IN FORMA PAUPERIS STATUS [78] |

      Pending before the Court is the United States Court of Appeals for the Ninth Circuit's March 8, 2012 Referral Notice to this Court for the limited purpose of determining whether in forma pauperis status should continue for the appeal in this matter. It should not.

      Plaintiff mistakenly believes this matter turns on equitable tolling. Briefly, when equitable tolling applies, the statute of limitations "stops running during the tolling event, and begins to run again only when the tolling event has concluded," extending the deadline for filing the new action for the length of time of the tolling event, which is tacked on to the statute of limitations. *Lantzy v. Centex Homes*, 31 Cal.4th 363, 370 (Cal. 2003).

Plaintiff alleges in his Second Amended Complaint that on October 24, 2007 he filed a complaint in small claims court for the return of his security deposit. (SAC ¶ 19.) Judgment was entered in favor of Plaintiff and, on May 5, 2008, Defendant Combet-Blanc's appeal was denied, effectively ending that small claims case. (Id.) Plaintiff does not allege any further unlawful conduct after May 5, 2008, at the latest.

Plaintiff's claims are all governed by statutes of limitations that do not exceed two years.[1] Accordingly, even were equitable tolling applicable, the statute of limitations would commence on May 5, 2008 and end on May 5, 2010. Because Plaintiff's Complaint was not filed until August 9, 2010, this action would still fall outside the two-year statute of limitations. In short, the Court finds that such a frivolous appeal should be financed by the responsible private citizen, not the taxpayer.

**IT IS SO ORDERED.**

March 14, 2012

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's assault and battery claims have a two year statute of limitations ("SOL"). Cal. Code of Civ. Proc. §335.1; False imprisonment has a one year SOL. §340; Malicious prosecution and abuse of process has a two year SOL. §335.1; Defamation has a one year SOL. § 340; Intentional infliction of emotional distress has a two year SOL. §335.1; Invasion of privacy has a two year SOL. §335.1